FILED

06 SEP 21 AM 8:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:     DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VERN D. BLANCHARD dba AMERICAN MULTI-SYSTEMS,<br><br>                                       Debtor.<br><br>VERN D. BLANCHARD,<br><br>                                   Appellant,<br>vs.<br>SCOTT A. McMILLAN,<br><br>                                   Appellee. | CASE NO. 06CV0580-LAB (WMc)<br><br>[Related Case 06cv0146-LAB (WMc)]<br><br>(1) ORDER DENYING DEBTOR'S CROSS-APPEAL OF BANKRUPTCY COURT'S ORDER AWARDING SPECIAL COUNSEL ATTORNEYS' FEES; AND<br><br>(2) ORDER DENYING AS MOOT MOTION TO DISMISS DEBTOR'S APPEAL<br><br>(Dkt Nos. 1, 6) |

      Cross-appeals from a decision of the Bankruptcy Court in <u>In re Vern D. Blanchard</u> <u>dba</u> <u>American Multi-Systems</u>, Case No. 96-12037-H7, came before the court for hearing on September 18, 2006. Debtor and cross-appellant Vern Blanchard ("Blanchard") appeared *pro se*. Charles M. Kagay, Esq. appeared for appellant Scott A. McMillan, Esq. ("McMillan"), special counsel to trustee James L. Kennedy ("the Trustee") in the underlying bankruptcy action. Gary B. Rudolph, Esq. appeared for the Trustee. As memorialized below, in consideration of the papers submitted, pertinent legal authority, and argument at the hearing, the court **AFFIRMS** those portions of Bankruptcy Judge John J. Hargrove's December 19, 2005 Memorandum Decision awarding McMillan

attorneys' fees, and his January 9, 2006 Order formalizing that decision, challenged in Blanchard's cross-appeal.

McMillan filed an appeal (Case No. 06cv0146-LAB(WMc)) of the Bankruptcy Court's Order awarding him attorneys' fees for his representation as Special Counsel to the Trustee in Blanchard's Chapter 7 bankruptcy proceedings. He contends Judge Hargrove misapplied Bankruptcy Code §§ 328, 330 and erred in awarding attorneys' fees in an amount lower than McMillan's expectation under the Contingency Fee Agreement. Disposition of McMillan's appeal is set forth in a separate Order entered in the related case. Blanchard filed this cross-appeal of the same Order (Case No. 06cv580-LAB(WMc)). Blanchard contends McMillan should receive no compensation for his services to the Trustee in securing, through adversary proceedings, sufficient assets to transform an estate with no assets into a solvent estate. He challenges Judge Hargrove's findings, *inter alia*, that McMillan had no conflict of interest, was qualified to serve as Special Counsel, and did not act in bad faith. The Trustee was permitted to file briefing associated with the cross-appeals. The Trustee argues the Memorandum Decision and Order correctly decided the fee calculation method, except for the exclusion of McMillan's administrative claim against the bankruptcy estate from the base amount against which the 50% contingency fee award should be applied. This court has jurisdiction over appeals of the fee award Order under 28 U.S.C. § 158(a)(1) (appeals "from final . . . orders . . . .").

Preliminarily, the court **DENIES** McMillan's Motion To Dismiss Debtor's Appeal For Failure To Prosecute. Dkt No. 6. That issue was mooted by this court's August 1, 2006 Order granting Blanchard's request to allow him to file late. Dkt No. 13.

The same standards of review apply in a bankruptcy appeal as in any other federal appeal. Findings of fact are reviewed under the "clearly erroneous" standard. In re Eastman, 188 B.R. 621, 624 (B.A.P. 9th Cir. (Cal.) 1995); FED. R. BANKR. PROC. ("Rule") 8013. A bankruptcy court's finding is "clearly erroneous" when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. Banks v. Gill Distribution Centers, Inc., 263 F.3d 862, 869 (9th Cir. 2001). Conclusions of law are reviewed *de novo*. In re Eastman, 188 B.R. at 624; In re B.U.M. International, Inc., 229 F.3d 824 (9th Cir. 2000) (bankruptcy court's interpretation of applicable law is reviewed *de novo*, its findings of fact are reviewed for clear error, and its decision

on the amount of fees to be awarded is reviewed for an abuse of discretion). Decisions involving the exercise of a bankruptcy court's discretion are reviewed for "abuse of discretion." In re Ridill, 1 B.R. 216, 218 (Bankr. D.C.Cal. 1979). A court abuses its discretion by basing its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence. In re Lopez, 192 B.R. 539, 543 (B.A.P. 9th Cir. (Cal.) 1996).

Blanchard's cross-appeal challenges the Bankruptcy Court's findings and conclusions regarding the adequacy of McMillan's pre-appointment disclosures, his fitness to serve as special counsel, purported conflicts of interest, and the propriety of awarding him any fees at all based on those alleged deficiencies. The Bankruptcy Court has discretion whether to deny fees when a claimant failed to make certain material disclosures or when the claimant is not disinterested with respect to the estate. In re Film Ventures Int'l, Inc., 75 B.R. 250, 252 (B.A.P. 9th Cir. (Cal.) 1987). This court finds the Bankruptcy Court's resolution of Blanchard's allegations against McMillan on those bases was not clearly erroneous nor an abuse of discretion. That court rejected Blanchard's argument McMillan was not disinterested due to his association with Apex, one of the estate creditors. Stoumbos v. Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993) ("where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself"). The Bankruptcy Court reasonably found McMillan's involvement was only in the fraudulent transfer action against the debtor and other defendants, in which action "the interests of Apex and the estate coincide: if money is recovered for the estate, Apex would be entitled to its pro rata share," so "there is no conflict between the trustee and McMillan, Apex's counsel." McMillan Appendix p. 6.

The Bankruptcy Court similarly rejected Blanchard's contention McMillan's Rule 2014(a) disclosures were incomplete, in that he disclosed only his status as Apex's counsel but not the extent of his connections to Apex as a member of its Board of Directors. Blanchard argued that made McMillan essentially the creditor, and therefor the court should exercise its discretion to deny fees entirely. The Bankruptcy Court reasonably found no disqualifying conflict. McMillan was acting in this matter only as special counsel for the Trustee, and his interests were aligned with those of the estate and other creditors. That court resolved Blanchard's argument that McMillan's subsequent

contingency agreement with Apex as a ground to deny him fees for conflict of interest by crediting McMillan's representations he was not paid for his work in this matter by Apex, precluding a risk of double recovery. On those several bases, the court reasonably found "his disclosures were proper and adequate," he was "disinterested," and held no "adverse interest to the estate in his special counsel role." Memorandum Decision p. 10. This court defers to the Bankruptcy Court's evidentiary rulings with respect to Blanchard's other allegations of "bad faith" and "egregious conduct" in support of denying McMillan fees. Id. ("this Court made several evidentiary rulings at the hearing which will not be repeated here," but which resulted in the finding "[n]one of the debtor's evidence offered in support of these arguments was admissible").

As noted in the Memorandum Decision: "It is only through McMillan's diligence and persistence that he obtained a judgment and collected assets that will result in the debtor's creditors . . . being paid 100%, plus interest, on their claims." McMillan Appendix p. 9. Like the Bankruptcy Court, this court finds it would be manifestly unfair to deny him all compensation, as urged by Blanchard.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. McMillan's Motion To Dismiss Debtor's Appeal For Failure To Prosecute is **DENIED AS MOOT**.

2. The issues raised in Blanchard's cross-appeal were properly decided by the Bankruptcy Court, and the findings on those issues are **AFFIRMED** as manifesting no clear error or abuse of discretion, and his appeal is **DENIED**.

3. The Bankruptcy Court Order in its entirety is **AFFIRMED IN PART**, but with the amount of McMillan's fee award and its calculation basis **REVERSED**, as discussed in the Order concurrently filed in cross-appeal Case No. 06cv0146-LAB(WMc).

**IT IS SO ORDERED.**

DATED: 9-20-06

*Larry A. Burns*
HONORABLE LARRY ALAN BURNS
United States District Judge

cc: MAGISTRATE JUDGE WILLIAM MCCURINE, JR.
ALL COUNSEL OF RECORD
DEBTOR, *IN PRO PER*